**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**MARINER HEALTHCARE, INC., ET AL**                                                 **PLAINTIFFS**

**V.**                                                                              **NO. 4:04CV263-M-B**

**JACQUELINE D. KING, INDIVIDUALLY**
**AND ON BEHALF OF THE WRONGFUL DEATH**
**BENEFICIARIES OF HENRY TAYLOR**                                            **DEFENDANTS**

## ORDER

This cause comes before the court on the motion [3-1] of defendant Jacqueline King, individually and on behalf of the wrongful death beneficiaries of Henry Taylor, to dismiss this arbitration action. Plaintiff Mariner Health Care, Inc. ("Mariner") has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is not well taken and should be denied.

Plaintiffs filed the instant complaint, pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 4, to compel the arbitration of claims raised against them by King in a separate state court action. The underlying dispute giving rise to this arbitration action arose out of injuries allegedly suffered by decedent Henry Taylor during his residency at the Greenwood Health and Rehabilitation facility. King filed a tort action against the arbitration plaintiffs herein on August 12, 2004, and plaintiffs filed the instant complaint to compel arbitration on August 30, 2004.

In seeking to dismiss the arbitration complaint, King raises several arguments, none of which has merit. King initially argues that this case should be dismissed for Mariner's failure to comply with the FAA's requirement that "five days notice" of the application for arbitration relief be provided. See 9 U.S.C. § 4. In this case, plaintiffs filed their arbitration complaint on

August 30, 2004, and defendant was served with a copy of the complaint on or about September 16, 2004. Defendant argues that this demonstrates non-compliance with the notice requirement of the FAA, but the court does not agree.

This court agrees with the federal courts which have interpreted the notice provision in the FAA as requiring the party opposing arbitration to be given five days' notice before a *hearing* is held regarding an application for arbitration. *See Roque v. Applied Materials, Inc.,* 2004 WL 1212110 (D. Ore. 2004); *Unionmutual Stock Life Ins. Co. of Am. v. Beneficial Life Ins. Co.,* 774 F.2d 524, 526 (1st Cir.1985). It is clear that no hearing on a petition to compel arbitration was held on less than five days' notice, and the court therefore concludes that no violation of the FAA's notice requirement occurred in this case. In addition, this court agrees with the conclusion of the Oregon District Court in *Roque* that " the notice and service provision in § 4 of the FAA is unnecessary where the party opposing arbitration has initiated litigation." *See also First Family Fin. Serv., Inc. v. Fairley*, 173 F. Supp. 2d 565, 572 (S.D. Miss. 2001) ("The Court cannot conceive of a more explicit refusal to arbitrate than the bringing of an arbitrable claim in state court that one has contractually agreed to arbitrate"). In this case, as in *Roque*, King filed her state court action prior to the institution of the arbitration action, and, by doing so, she explicitly refused to arbitrate her claims. The fact that King elected to file her state court action after signing an agreement to arbitrate her claims similarly defeats her argument that there is no "justiciable case or controversy" in this action.

Likewise without merit is King's argument that this action should be dismissed for failure to join the nursing home administrator as an indispensable party. Judge Tom S. Lee has correctly noted that "the fact that the defendant may have asserted claims in the state court suit

2

against others who had some involvement in the underlying transaction does not make those others necessary parties" to an arbitration action. *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 822 (S.D. Miss. 2001)(citing *Snap-On Tools, Corp. v. Mason*, 18 F.3d 1261, 1266-67 (5th Cir. 1994) (nondiverse parties joined as alleged joint tortfeasors in state court action are not indispensable parties in a diversity-based motion to compel arbitration). It seems clear to this court that the nursing home itself, rather than the administrator personally, was a contracting party to the arbitration agreement in this case, and the court therefore concludes that the nursing home administrator is not a necessary party to the present action. The court would note that Judge Davidson recently reached an identical conclusion in denying a motion to dismiss in another arbitration action filed by Mariner against a claimant similarly situated to King. *See Mariner v. Ferguson*, No. 4:04cv245 (N.D. Miss. 2005).

The aforementioned arguments are the only ones submitted by King which are relevant to the motion to dismiss. King has submitted a litany of public policy arguments, largely unsupported by authority, as to why arbitration agreements should be unenforceable in the nursing home context.[1] These arguments would only be relevant in response to a motion to compel arbitration, and the court therefore declines to address them at this time. King has

---

[1]King argues in her motion that "while it may have been reasonable to expect that arbitration as to a billing dispute might occur, it was certainly not reasonable to expect that the plaintiffs would fail to provide care to Mr. Taylor such that he would suffer horrific and preventable injuries during his residency at plaintiffs' facility." The court recognizes that the enforcement of arbitration agreements in this context raises important public policy issues, but the court also recognizes that the Fifth Circuit Court of Appeals has strongly favored arbitration in numerous contexts. As such, King would be well advised to support her policy arguments with legal authority, preferably Fifth Circuit authority, holding that arbitration agreements are unenforceable in the nursing home/personal injury context.

requested that she be permitted to perform discovery regarding the arbitration issues in this case prior to responding to any motion to compel arbitration. While it is not clear to this court how discovery will assist in resolving the arbitration issues in this case, the court will, out of an abundance of caution, grant the parties forty-five (45) days' from the entry of this order in which to conduct discovery regarding the enforceability of the arbitration provision herein.

In light of the foregoing, it is ordered that King's motion to dismiss [3-1] is denied, and Mariner's motion [5-1] for an extension of time is granted. King's motion [12-1] for an expedited hearing is dismissed as moot. The parties shall have forty-five (45) days from the entry of this order to conduct discovery regarding the enforceability of the arbitration agreement in this case.

**SO ORDERED** this 9th day of June, 2005.


          **/s/ Michael P. Mills**
          **UNITED STATES DISTRICT JUDGE**